IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT CAMPO,

        Petitioner,                        No. CIV S-06-1662 DAD P

    vs.

K. PROSPER, Warden,

        Respondent.                   ORDER

                                      /

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 20, 2008, the undersigned ordered respondent to file and serve a response to the petition. On January 16, 2009, respondent filed a motion to dismiss the petition on the grounds that the court lacks habeas corpus jurisdiction over this matter. Petitioner has filed an opposition to respondent's motion. Respondent has not filed a reply. The parties previously consented to Magistrate Judge jurisdiction for all purposes. See 28 U.S.C. § 636 (c).

**BACKGROUND**

        On November 29, 2004, prison officials issued a rules violation report charging petitioner with manufacturing alcohol. On December 6, 2004, prison officials re-issued the rules violation amending the charge to possession of alcohol. On December 8, 2004, prison officials

1

| | |
|---|---|
| 1 | conducted a disciplinary hearing, found petitioner guilty of the charge and assessed him 120 days |
| 2 | loss of credit.  In this action petitioner claims that prison officials failed to provide him with the |
| 3 | proper procedural safeguards at his administrative hearing and found him guilty based on false |
| 4 | evidence and false testimony in violation of his due process rights under the Fourteenth |
| 5 | Amendment.  Petitioner also claims that his conviction for the rules violation has extended his |
| 6 | incarceration by damaging his possibility for parole as evidenced by the April 4, 2006 decision of |
| 7 | the Board of Parole Hearings ("Board")  to deny him parole.  (Pet. Attach. at 1, 5-19.) |

**RESPONDENT'S MOTION TO DISMISS**

Respondent has moved to dismiss the petition, arguing that federal habeas jurisdiction is absent where, as here, restoration of lost credits and/or expungement of a disciplinary conviction would not necessarily expedite an inmate's release on parole. Specifically, respondent argues that restoration of petitioner's 120 days loss of credits would not necessarily expedite his release on parole because he is currently serving an indeterminate prison term for murder and kidnapping and does not have a right to receive post-conviction credits. According to respondent, if an inmate serving a life sentence is granted parole, the Board has discretion to award him post-conviction credits but is not required to do so.  Respondent contends that the Board may award an indeterminate amount of credits based on each year an inmate programs well, regardless of the credits the inmate may have lost because of a prison rules violation.  In this regard, respondent argues that if the Board finds petitioner suitable for parole, the post-conviction credits he will receive hinges on a superceding factor – the Board's decision on whether to award him credits and, if so, how many.  Accordingly, respondent contends that petitioner cannot meet his burden of showing that restoration of his 120 days lost credits would necessarily expedite his release on parole.  (Resp't's Mot. to Dismiss at 2-3.)

Respondent also argues that petitioner has not shown that the disciplinary conviction at issue was the sole or a substantial basis for the Board's April 4, 2006, decision to deny him parole. According to respondent, the Board examines numerous factors when making

parole suitability decisions and a prisoner's conduct in prison is just one of those factors. In this regard, respondent argues that petitioner has not met his burden of demonstrating that his disciplinary conviction affects the duration of his confinement. Accordingly, respondent concludes that the court must dismiss petitioner's federal habeas petition for lack of jurisdiction. (Resp't's Mot. to Dismiss at 3-4.)

**PETITIONER'S OPPOSITION**

In opposition to respondent's motion to dismiss, petitioner argues that the Board denied him parole on April 4, 2006, based on the rules violation at issue in this action. Petitioner asserts that during his parole hearing, the presiding commissioner stated:

> The panel understands that – this 115 is being appealed so that may change this entire picture, but as it stands that's a significant spike in your history, and it speaks to the very issue that is most at risk – in terms of recidivism. . . .

Without the conviction for the rules violation, petitioner contends that he would have been disciplinary free for a period of 11 years and four months in prison. In addition, petitioner contends that he had previously been assessed as a below-average risk for recidivism. Accordingly, petitioner concludes that he has sufficiently shown that his rules violation potentially affects the duration of his confinement. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 2-5 & Ex. 1.)

**ANALYSIS**

"[T]he sole remedy in federal court for a prisoner seeking restoration of good-time credits is a writ of habeas corpus." Edwards v. Balisok, 520 U.S. 641, 643-44 (1997). A writ habeas corpus is not limited to immediate release from unlawful confinement but rather is available to attack future confinement and obtain future releases. See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973); Toussaint v. McCarthy, 801 F.2d 1080, 1094 n.14 (9th Cir. 1986) ("To the extent that defendants may from time to time deny the credits due under sections 2931 and 2933, without affording a prisoner due process of law, that prisoner may obtain habeas corpus relief.").

"Habeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989). See also Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004) ("[W]e understand Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by the Preiser Court.")

In this case, the court has habeas corpus jurisdiction over petitioner's due process claims in connection with his December 8, 2004 disciplinary hearing and 120 days loss of credits imposed as a result. In 1985, petitioner was sentenced to twenty-five years to life in state prison for murder and kidnapping. (Resp't's Mot. to Dismiss, Ex. 1.) Although petitioner is serving an indeterminate sentence, the Board is already considering him for parole suitability. Moreover, according to the transcript of petitioner's 2006 parole hearing, the Board found that he had made a positive turnaround in prison except for one "disjunctive 115." The Board characterized the rules violation as "major" and as a "significant spike" in petitioner's history. The Board explained that the violation spoke to directly to whether petitioner would likely engage in recidivist behavior and should be released on parole. The Board noted that petitioner previously had a substantial addiction and that such an addiction could not recur or he would risk returning to a life of crime. Ultimately, the Board found petitioner unsuitable for parole and issued him a three-year denial. (Pet'r's Opp'n to Resp't's Mot. to Dismiss, Ex. 1.)

Based on the record in this case, the court simply cannot accept respondent's contention that petitioner's due process claims in connection with his rules violation conviction and loss of time credits are not proper challenge to the fact or duration of his confinement. Expungement of petitioner's conviction for the rules violation, if warranted, is both "likely" to accelerate his eligibility for parole, Bostic, 884 F.2d at 1269, and "could potentially affect the duration of [his] confinement." Docken, 393 F.3d at 1031. See, e.g., Murphy v. Dep't of Corrs. & Rehabilitation, No. C 06-4956 MHP, 2008 WL 111226 at *7 (N.D.Cal. Jan. 9, 2008) (habeas

corpus jurisdiction is proper over challenge to disciplinary guilty finding because "[a]s a matter of law, it is well established that a disciplinary violation may affect the duration of an inmate's confinement."); Drake v. Felker, S-07-0577 JKS, 2007 WL 4404432 at *2 (E.D. Cal. Dec. 13, 2007) (habeas corpus jurisdiction found to be exist over a challenge to a disciplinary decision because "a negative disciplinary finding, at least in California, necessarily affects potential eligibility for parole"); Bryant v. Scribner, No. 06-1856 JM(LSP), 2007 WL 3276280 at *4 (S.D. Cal. Nov. 5, 2007) (habeas corpus jurisdiction found proper over a challenge to a rules violation report resulting in 150 days loss of credits). Accordingly, the pending motion to dismiss will be denied, and respondent will be directed to file an answer to the petition.

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Respondent's January 16, 2009 motion to dismiss (Doc. No. 18) is denied; and

2. Respondent shall file an answer to petitioner's habeas petition within sixty days of the date of this order. See Rule 4, Fed. R. Governing § 2254 Cases. The answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. See Rule 5, Fed. R. Governing § 2254 Cases.

DATED: April 22, 2009.

_DALE A. DROZD_
UNITED STATES MAGISTRATE JUDGE

DAD:9
camp1662.157

5